# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-25-00347-CV
_____

### JOSEPH AARON CALDARERA, Appellant

### V.

### CHARLES CROWL, KRISTEN MICHELLE BROWN, AND JO ANN LINZER, Appellees

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 25-05-08449**

_____

### MEMORANDUM OPINION

Pro se Appellant Joseph Aaron Caldarera appeals from the trial court's order granting Appellees Charles Crowl's, Kristen Michelle Brown's, and Jo Ann Linzer's Rule 91a Motions to Dismiss. *See* Tex. R. Civ. P. 91a. Finding no error, we affirm the trial court's orders dismissing Caldarera's suit against each of the Appellees with prejudice.

## Background

### Caldarera's "Original Complaint" and Answers from Defendants

On May 27, 2025, Joseph Aaron Caldarera ("Appellant" or "Caldarera") filed a pro se "Original Complaint and Demand for a Jury Trial" naming Charles Crowl ("Crowl"), Kristen Michelle Brown ("Brown"), and Jo Ann Linzer ("Linzer") (collectively "Appellees" or "Defendants"), Caldarera's former court-appointed criminal defense attorneys, as defendants. In the section of his Original Complaint entitled "Causes of Action[,]" Caldarera alleged the Defendants intentionally breached their fiduciary duty to Caldarera. According to the Original Complaint, the Defendants engaged in deceptive conduct; colluded with the State; coerced Caldarera; misrepresented court hearings to Caldarera; refused to advocate for Caldarera and file motions that he requested to get the charges dismissed; called the motions he requested "frivolous" when in fact they were not; refused to take Caldarera's case to trial; and engaged in wrongful conduct. Caldarera alleged that eventually, his third defense attorney (Linzer) convinced Caldarera to sign a plea agreement at a time when he claims he was under "duress" from both his own attorney and the prosecution. Caldarera alleged that after he pleaded guilty, "[] Plaintiff was sentenced to 18 months of probation, Anger Management, Cognitive Behavioral Therapy, random drug testing, daily call-ins, $540 in probation fees, $1,260 in bond probation fees accrued over 18 months of pretrial neglect[] and

assessed a $400 court fine. [] Plaintiff lost his TEA teachers license because of the deceptive, unconscionable, and wrongful acts of said Defendants."

Caldarera describes the underlying events which led to the criminal charges as a "domestic battery incident[]" between his older brother and Caldarera, and an alleged injury to Caldarera's elderly mother. In his Original Petition, Caldarera also alleged that he was actually the one who had been injured in the altercation with his larger older brother, and that the alleged charge of "injury to the elderly" was not true. Caldarera contends that as a result of the criminal charges, the TEA took action on November 7, 2023, and it revoked his teaching certificate, and that the TEA based its decision on the following "false" facts provided to the TEA: "On or about February 3, 2021 Respondent caused injury to his elderly, wheel-chair bound mother by aggressively pulling a food bowl from her and throwing a bundle of thorns at his mother's back causing pain." Caldarera demanded a jury trial and sought damages of at least $20 million.[1]

The Defendants each filed Answers, generally denying Caldarera's allegations and arguing that Caldarera's claims are without merit and are groundless in fact or law. And Crowl included affirmative defenses.

---

[1] Caldarera's Original Petition also includes allegations of "gaslighting," "sexual discrimination," and other types of discrimination that he believes are harbored by certain political groups, officials, and others in Montgomery County which he alleges played a role in the criminal charges that were filed against him and the District Attorney's prosecution of him.

Crowl's Rule 91a Motion to Dismiss

On July 14, 2025, Crowl filed a Rule 91a Motion to Dismiss the claims filed by Caldarera against him. According to the motion, Crowl was Caldarera's first court-appointed defense attorney. Crowl was appointed to represent Caldarera in three criminal cases: a felony injury to child/elderly/disabled person in cause number 21-02-01843 in the 359th District Court of Montgomery County, a misdemeanor assault bodily injury/family violence in cause number 21-355441 in County Court at Law No. 5 in Montgomery County, and a misdemeanor violation of a protective order in cause number 21-355631 in County Court at Law No. 5 in Montgomery County. Crowl alleged that during his representation of Caldarera, Caldarera became erratic, aggressive, and abusive in his communications with Crowl and then began a pattern of abusive and harassing behavior against Crowl. According to Crowl, Caldarera attempted to blackmail him by threatening to make a complaint to the State Bar if Crowl refused to file motions that Crowl believed to be frivolous. Crowl filed a Motion to Withdraw in all three matters and the respective courts granted the motions. Defendant Brown was thereafter appointed by the trial court to represent Caldarera.

Crowl asserts in his motion that Caldarera's claims against him (1) have no basis in law because the facts alleged to do not constitute a viable, legally cognizable right to relief, or alternatively bar recovery; (2) Caldarera has alleged no facts that

4

would constitute a breach of fiduciary duty or an injury to Caldarera or benefit to Crowl; (3) Caldarera's claims have no basis in fact because no reasonable person could believe the facts pleaded; and (4) if the facts pleaded are interpreted as an alleged malpractice action, there is no basis in law for such claim because it is barred under *Peeler v. Hughes & Luce*[2] because Caldarera's conviction has not been vacated and there is no proof of actual innocence, and there is no basis in law or fact for a legal malpractice claim. Crowl also alleged that Caldarera failed to meet the two-year statute of limitations for a malpractice suit.

Brown's Rule 91a Motion to Dismiss

On July 14, 2025, Brown filed a Rule 91a Motion to Dismiss, stating that she was a court-appointed attorney for Caldarera in three different criminal cases, which were the same cases in which Crowl had previously represented Caldarera. According to Brown, she represented Caldarera for seventy-one days and ultimately requested to withdraw after Caldarera repeatedly text messaged her. The respective trial courts signed orders withdrawing Brown from representing Caldarera in the three cases. According to Brown's motion, Caldarera's breach of fiduciary duty claims have no basis in law or fact, Caldarera failed to allege facts that constitute a breach of fiduciary duty, Caldarera's claims are malpractice claims precluded under *Peeler* because Caldarera has not been exonerated or shown that he is actually

---

[2] *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497 (Tex. 1995).

innocent, and that his malpractice claims are barred by the two-year statute of limitations.

Linzer's Rule 91a Motion to Dismiss

On July 9, 2025, Linzer filed a Rule 91a Motion to Dismiss, stating that she was also a court-appointed defense counsel for Caldarera, appointed by court order on November 30, 2021, in cause number 21-02-01843-CR in the 359th District Court in Montgomery County, where Caldarera was charged with the felony offense of injury to an elderly individual. According to Linzer, she was the third attorney appointed by the court to represent Caldarera in this cause number. Linzer's Rule 91a Motion to Dismiss alleges that Caldarera pleaded guilty on May 23, 2022, to a reduced charge of Assault Causing Bodily Injury, a misdemeanor, and he was sentenced to eighteen months deferred adjudication, placed on community supervision, and assessed a $400 fine. According to Linzer's motion, Caldarera successfully completed community supervision, but the judgment against Caldarera has not been vacated and he has not been exonerated. Linzer alleges in her motion that Caldarera's claims have no basis in law or fact and that they should be dismissed. Linzer asserts that (1) Caldarera's claims have no basis in law because the facts he pleaded do not constitute breach of fiduciary duty; (2) Caldarera's claims have no basis in fact because no reasonable person could believe the facts pleaded; (3) if the facts pleaded constitute an alleged malpractice action, there is no basis in

6

law for such claims because the claims would be barred under the *Peeler* doctrine because Caldarera's conviction has not been vacated or he has not proved actual innocence; and (4) Caldarera was placed on deferred adjudication probation on May 23, 2022 with no right to appeal and has failed to meet the two-year statute of limitations for a malpractice suit.

Caldarera's Responses to the Rule 91a Motions to Dismiss

In his responses to the Defendants' Rule 91a Motions to Dismiss, Caldarera states that he is a top law student and a certified teacher in Texas, and he complains of the Defendants' "vouching and ratification" of an assistant district attorney who Caldarera calls a "scammer and opportunist," and Caldarera accused the Defendants of conspiring with the assistant district attorney in "forc[ing] [Caldarera] to confess" and plead guilty without probable cause and then reporting "inaccurate information to the TEA[.]" Caldarera contends the Defendants in their motions do not meet their Rule 91a burden, that they conspired with others and failed to file motions to protect him and to "let the other side win[]" to his detriment, and that a reasonable person could believe that an organization in the Sheriff's Office is comprised of members of the KKK and the Oath Keepers hate groups. According to Caldarera, his claims are not barred by the statute of limitations because he did not plead a legal malpractice claim but instead his claims are for intentional breach of fiduciary duty and fraud, and that he has amended his claims to invoke the discovery rule. Caldarera

7

asserted his claims have a reasonable basis in fact because the Defendants "intentionally breached their fiduciary duty by failing to file motions, failing to go to trial, failing to fight for acquittal, failing to raise defense[s], and failing to disclose issues of the merits of the underlying case[.]" According to Caldarera, his claim has a reasonable basis in law because his allegations of "'deception, misrepresentations, and self-dealing' . . . , at law, transform a legal malpractice claim into intentional breach of fiduciary duty claim[,]" and he "has since amended his petition to allege fraud, intentional infliction of emotional distress, negligent hiring, [and] defamation." Caldarera asserted that, as for Crowl's claim that Caldarera threatened to blackmail him, he has a right "to report to the State Bar conduct by an attorney that endangers the public." Caldarera attached excerpts from his State Bar complaint against Crowl.

Caldarera's "Second Amended Complaint" (the Live Petition at the Time of Dismissal of Caldarera's Claims)

On August 19, 2025, Caldarera filed a "Second Amended Complaint ('SAC') and Demand for a Jury Trial and Application for Restraining Order[,]" (hereinafter

8

the "Petition")[3] against Crowl, Brown, and Linzer.[4] Caldarera alleged the same facts as in his "Original Complaint" and then re-labeled his causes of action against the Defendants as claims for breach of fiduciary duty, fraud, civil conspiracy, intentional infliction of emotional distress, and defamation. Caldarera also included an Application for Temporary Restraining Order against the Defendants.

The Trial Court's Dismissal Orders

On August 22, 2025, the trial court signed Orders stating that after considering each of the Defendants' Rule 91a Motions to Dismiss and Caldarera's response, the

---

[3] Caldarera filed a "First Amended Complaint ('FAC') and Demand for a Jury Trial" on August 5, 2025, a "Second Amended Complaint ('SAC') and Demand for a Jury Trial and Application for Restraining Order" on August 19, 2025, and a "Third Amended Complaint ('TAC') and Demand for a Jury Trial and Application for Restraining Order" on August 20, 2025. Because Caldarera's "Third Amended Complaint" was filed less than three days before the hearing on the Rule 91a Motions to Dismiss, it was untimely under Rule 91a.5, and the trial court was obligated to rule on the Rule 91a motion without considering Caldarera's "Third Amended Complaint." *See* Tex. R. Civ. P. 91a.5; *Blevins v. Brown*, No. 07-25-00199-CV, 2026 Tex. App. LEXIS 2558, at *4 (Tex. App.—Amarillo Mar. 19, 2026, no pet.) (mem. op.); *City of Hous. v. State Farm Mut. Auto. Ins. Co.*, 712 S.W.3d 707, 717 (Tex. App.—Houston [14th Dist.] 2025, no pet.); *Wells v. Sumruld*, No. 11-23-00281-CV, 2025 Tex. App. LEXIS 1503, at *8 (Tex. App.—Eastland Mar. 6, 2025, no pet.) (mem. op.). Accordingly, we refer to Caldarera's "Second Amended Complaint" as the "Petition" in this memorandum opinion because it was the live pleading at the applicable time in question.

[4] Caldarera also named District Attorney Britt Ligon as a defendant, but Caldarera later non-suited Ligon, and Ligon is not a party to this appeal.

9

trial court granted the motions and dismissed Caldarera's claims against each of the Defendants with prejudice.

## Standard of Review and Applicable Law

Rule 91a.1 authorizes dismissal of a cause of action "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought[]" or "if no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1. A nonmovant may respond to a motion to dismiss in part by amending his pleading. *See id.* 91a.5(b). If the nonmovant amends a challenged claim at least three days before the motion to dismiss is heard, the movant may withdraw or amend its motion. *Id.* If the nonmovant's pleading amendment states a new claim, the movant must supplement or amend its motion to address the new claim in order to obtain dismissal as to it. *See id.* 91a.2 (movant must identify each claim it seeks to dismiss). "[T]he court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." *Id.* 91a.6. The "hearing" on the motion to dismiss is not required to be an oral hearing. *Id.* To survive a Rule 91a motion, a plaintiff's pleadings must include the "essential factual allegations supporting [the] claims," and those allegations "must be sufficient to support a judgment if ultimately proven." *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 662 (Tex. 2023) (citation omitted). When an order granting a Rule 91a motion

to dismiss does not specify the grounds for dismissal, an appellant seeking reversal of a Rule 91a dismissal must negate the validity of each ground on which the trial court could have relied in granting the dismissal. *Buholtz v. Gibbs*, No. 05-18-00957-CV, 2019 Tex. App. LEXIS 7469, at **6-7 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.). We review Rule 91a dismissal orders de novo. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).

In *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497-98 (Tex. 1995), the Supreme Court concluded that a client could not sue his criminal defense attorney for malpractice so long as he stood convicted of the underlying crime. The Court reasoned that, until the conviction is overturned, "it is the illegal conduct [of the convict,] rather than the negligence of a convict's counsel[,] that is the cause in fact of any injuries flowing from the conviction[.]" *Id.* at 498. Accordingly, "plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice[5] in connection with that conviction only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise." *Id.* at 497-98.

---

[5] To prevail on a legal malpractice claim, a plaintiff must prove: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; and (3) the breach proximately caused damage to the plaintiff. *Rogers v. Zanetti*, 518 S.W.3d 394, 400 (Tex. 2017).

11

Under the anti-fracturing rule, plaintiffs in professional negligence cases may not convert "what are really negligence claims" into other claims such as fraud, breach of contract, or breach of fiduciary duty in order to gain a litigation advantage. *Pitts v. Rivas*, 709 S.W.3d 517, 523 (Tex. 2025). We look not only to the labels chosen by the plaintiff, but also we consider the gravamen of the facts alleged. *Id.* at 525. Under the anti-fracturing rule, if the crux or gravamen of the plaintiff's claim is a complaint about the nature and quality of professional services provided by the defendant, then the claim will be treated as one for professional negligence even if the petition attempts to repackage the allegations under the banner of additional claims. *Id.* at 524. In other words, if "the real issue" is that the professional failed to exercise the degree of care, skill, or diligence that professionals of ordinary skill and knowledge would exercise, the anti-fracturing rule requires the claim to be litigated as one for professional negligence, and the plaintiff may not re-label the allegations under a different claim to obtain a litigation advantage. *Id.*

Issues on Appeal

We quote below what Caldarera states as his six "points of error":

I) The trial court erred in granting Appellees' Rule 91a Motions to Dismiss.

II) The trial court erred in finding the claim is one for legal malpractice, not intentional breach of fiduciary duty.

III) The trial court erred in applying *Peeler* to the Appellant's claim because his damages are "but for" the criminal perjury of the state, the

12

criminal obstruction of justice by the appellees, and the concerted overt acts of conspiracy against his rights[.]

IV) The trial court erred in applying *Peeler* because its application violates the Appellant's guaranteed and perfect constitutional right to equal protection, his perfect right to be free from outlawry, and his perfect right to due course of law under the open courts provision of the Texas Constitution.

V) The trial court erred in applying *Peeler* because its application defeats all of the public policies it is intended to promulgate[.]

VI) The appellant is not a fugitive, rebel, or an outlaw to justify the way he was mistreated. He is a top law student and certified Texas educator with no criminal history.

He also restates his alleged issues as follows:

1. Whether the doctrine of unclean hands applies to a prosecutor.

2. Whether *Peeler* applies when a conviction is "but for" the concerted criminal acts of the state and criminal defense attorneys – namely, perjury, obstruction, and conspiracy against rights.

3. Whether *Peeler* applies when a complainant can make a *prima facie* showing that his conviction was the result of a fraud upon the court.

4. Whether adequately pled facts invoking the Outlawry Clause, Equal Protection Provision, and Open Courts Provision of the Texas Constitution are constitutional bars to the *Peeler* doctrine. Tex. Const. Art. 1 §§ 3, 13, 20.

5. Whether the mandatory access and compensation provision in Article 14 of the Convention against Torture and Other Forms Inhuman and Degrading Treatment and Punishment precludes *Peeler*, when a person is being subjected to state-sponsored invidious discrimination (which is inhuman and degrading). [U.S. Const. Art. 1 § 8.]

6. Whether individual liability for fraud committed as a corporate agent provides alternate path to recovery [(by piercing the corporate veil)].

13

7. Whether this court is being misled.

In his brief on appeal, Caldarera argues that his breach of fiduciary duty claim has a basis in fact because he "Adequately Pled an Intentional Breach of Fiduciary Duty Claim based on Appellees['] dishonesty, invidious discrimination, and malice, not a mere professional negligence claim[.]" Caldarera contends that his petition complains that Appellees affirmatively concealed facts that would have raised defenses, arguments, and civil tort claims that would have guaranteed him a favorable outcome, and that Appellees deception and fraud amounted to more than professional negligence. Caldarera argues that under a liberal construction of his petition, his amended petition has more than sufficient facts to provide fair and adequate notice of his breach of fiduciary duty claim and that he adequately pled that Appellees obstructed justice "by refusing motion practice, refusing to execute the Appellant's right to trial, and presenting a plea bargain contract combined with procedural unconscionability to force the plaintiff to inculpate himself[,]" and that any reasonable person could believe the facts he pled. According to Caldarera, Appellees' Rule 91a Motions to Dismiss only address Caldarera's breach of fiduciary duty claim and did not address his fraud, civil conspiracy, intentional infliction of emotional distress, and defamation claims, and his four claims for declaratory judgment. Caldarera argues that Appellees did not meet their Rule 91a burden of proving that Caldarera's claims have no basis in law or in fact. Caldarera asserts that he adequately

14

pled facts to support his claim for breach of fiduciary duty by an attorney, and that he pled claims for malicious prosecution and that Appellees hampered his claims and defenses. According to Caldarera,

> [n]ot only did his court-appointed attorneys refuse to do anything the [sic] accuracy of the information conveyed to the TEA [regarding his convictions] – they secured wrongful convictions by the combined coercive effect of (1) refusing motion practice, (2) withdrawing rather than going to trail, as per client's wishes, (3) and presenting the plea bargain contract using threatening statements, intimidation, and duress. They created only one possible resolution – confess and plead GUILTY in open court to false accusations unsupported by probable cause, knowing that the aforementioned false statements would be conveyed to the Texas Education Agency.

Caldarera contends that the allegations of deception, concealment, and misrepresentation in his petition demonstrate that his claim is not a mere negligence claim but instead an intentional tort. Caldarera asserts that constitutional exceptions – the Outlawry Clause of the Texas Constitution, the Equal Protection provision of the Texas Constitution and Equal Protection Clause of the 14th Amendment, and the Due Course and Open Courts provisions under the Texas Constitution – prevent the court from applying *Peeler* under the facts he has alleged in this matter. He also argues that applying *Peeler* here is against the public policy *Peeler* is intended to promulgate and would subvert that public policy.

In response, the Appellees argue in each of their appellate briefs that (1) Caldarera's claims constitute impermissibly fractured legal-malpractice claims under Texas's anti-fracturing rule because Caldarera's claims all relate to complaints

15

of inadequate representation; (2) the *Peeler* doctrine applies and bars Caldarera's claims because his conviction was never vacated or overturned and remains in force; and (3) Caldarera's claims are barred by limitations.

Analysis

In determining whether the trial court erred in granting Appellees' Rule 91a Motions to Dismiss and in dismissing Caldarera's claims against Appellees with prejudice, we first must determine whether Caldarera's claims are in essence really legal malpractice claims recast as other claims. In his Petition, as to his breach of fiduciary claim against Crowl, Caldarera complains of the following regarding the felony case against Caldarera: Crowl's filing of "Defendant's Request for the State to Provide Reasonable Notice of the State's Intent to Introduce Character Evidence[;]" Crowl's failure to argue self-defense or mutual combat and other defenses; Crowl's intentional refusals to file motions that Caldarera asked him to file; Crowl's "fail[ure] to object to a prosecutor[']s attempt to coerce a confession [and] plea of GUILTY [and] waive[r] [of] his constitutional rights[;]" Crowl's advice about accepting a plea offer; Crowl's verbal request of the trial court for a competency hearing for Caldarera; the amount of time Caldarera was in county jail "solely because his counsel had refused to take him to trial[;]" Crowl's "abandonment" of Caldarera by withdrawing as counsel and Crowl's failure "to object to the prosecutor's misconduct" and "concealment of prosecutorial

16

misconduct[;]" Crowl's "refusal to raise the issue of severe prejudice caused by discrimination, harassment, and prosecutorial misconduct[]" and not raising the issue of "frivolous prosecution[;]" and Crowl's "fail[ure] to fulfill his obligation to render effective assistance of counsel, be adversarial to the overreaches of the State, and file any motions whatsoever[.]" As for his misdemeanor cases, Caldarera argued that Crowl withdrew as counsel after doing "absolutely nothing on the case[.]"

As to his breach of fiduciary duty claim against Brown, Caldarera asserted that Brown breached her fiduciary duty to him by "refusing [to] execute his rights, speak on behalf of factual disputes, and raise defenses at law for his client[;]" "entrapping his client into missing court so that he would be arrested which was calculated to increase the likelihood that Caldarera would plea[d] GUILTY to a frivolous and false accusation[;]" failing to preserve evidence of malicious prosecution and prepare defenses; "failing to take actions to dismiss a frivolous case[]" and misrepresenting that the case was meritorious when the alleged facts were insufficient to allege an "injury" and concealing this from the court; failing to file motions and failing to allow Caldarera to go to trial; allowing his "wrongful conviction" to be reported to the TEA that in turn suspended or revoked his teaching license; and concealing that the assistant district attorney lied about the viability of the case and has a past of elder fraud through his timeshare resale and buyback

business. Caldarera makes the same allegations against Linzer to support his breach of fiduciary duty claim against Linzer.

Caldarera's Petition also alleges what he labels as claims for fraud, civil conspiracy, intentional infliction of emotional distress, and defamation. According to the Petition, the Defendants all knew that their statements to Caldarera that any motion was meritless or frivolous was false; that they "made material and factual misrepresentations of fact and law[]" during their representation of him; and that "[a] truthful assessment would have led to motion practice and dismissal of the case with prejudice due to the lack of probable cause, sufficiency of [the] evidence, and good faith in what is clearly a discriminatory prosecution under Disciplinary Rule 5.08's words/conduct formula."

As for his civil conspiracy claims against the Defendants, Caldarera argued that the Defendants conspired to defraud him and the trial court with misleading statements of law and by refusing to file motions. With respect to his intentional infliction of emotional distress claims against the Defendants, Caldarera contends the claims are based on the Defendants' "hampering [Caldarera's] malicious prosecution claim" and their "refusing to go to trial which would have resulted in clear acquittal, and instead using threats to secure a contractual confession and conviction[.]" He further contends that his defamation per se claim against Defendants pertains to the statements the Defendants made in their Answers to his

Original Petition in this case which defamed him by stating that he injured an elderly person. Specifically as to Crowl, Caldarera argues that Crowl also defamed him by stating in his Answer that Caldarera attempted to "blackmail [Crowl]" by threatening a complaint to the State Bar if Crowl would not agree to file motions Caldarera wanted that Crowl believed were frivolous.

After reviewing the applicable law and the record before us, we conclude that based on the gravamen of the allegations made in Caldarera's Petition, Caldarera's claims all arise out of the Defendants' alleged failure to exercise the degree of care, skill, or diligence that professionals of ordinary skill and knowledge would exercise. *See Pitts*, 709 S.W.3d at 524. Caldarera's claims for breach of fiduciary duty, fraud, civil conspiracy, intentional infliction of emotional distress, and defamation each allege complaints that are centered around the alleged failure of his defense attorneys to defend him against the State's charges against him, and these claims are therefore nothing more than a recasting of professional negligence claims. *Id*. Additionally, because Caldarera has failed to show he has "been exonerated on direct appeal, through post-conviction relief, or otherwise[,]" his claims against his defense attorneys are barred as a matter of law under *Peeler*. *See Peeler*, 909 S.W.2d at 497-98.

We next address Caldarera's argument that Appellees' Rule 91a Motions to Dismiss did not address all his claims. As for Caldarera's argument that the motions

19

did not address his declaratory judgment claims, we note that the Second Amended Complaint, which we have already determined was the live petition at the time the trial court considered the Rule 91a Motions to Dismiss, did not include any declaratory judgment claims. Regarding Caldarera's argument that the motions did not address his fraud, civil conspiracy, intentional infliction of emotional distress, and defamation claims, Appellees' Rule 91a Motions to Dismiss filed after Caldarera's Original Complaint argued that Caldarera's claims were in essence only professional negligence claims that he was prohibited from recasting otherwise by the anti-fracturing rule, and that under *Peeler*, Caldarera's professional negligence claims against Appellees are barred because he failed to demonstrate that he has been exonerated on direct appeal, through post-conviction relief, or otherwise, and are barred by the two year statute of limitations. Caldarera's Petition, filed after Appellees' Rule 91a Motions to Dismiss, alleged the same facts as he stated in his Original Complaint, and alleged the Defendants did not provide adequate legal representation to him. In his Original Petition, he alleged the Defendants breached their fiduciary duties to him, and engaged in "fraud," "intentional" conduct, and deceptive and collusive acts. His Second Amended Petition added new labels for a claim of fraud, civil conspiracy, intentional infliction of emotional distress, and defamation. That said, these alleged claims are merely a recasting of the professional malpractice claims. A plaintiff must do more than merely reassert the same claim

20

for legal malpractice under a different label. *See Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied) (if the "crux" of the claim is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice). On this record, it was not necessary for the Defendants to amend their Rule 91a Motions to Dismiss to address Caldarera's additional labels of fraud, civil conspiracy, intentional infliction of emotional distress, and defamation[6] because those were merely a recasting of his legal malpractice claims. *See Pitts*, 709 S.W.3d at 524 (A plaintiff cannot simply "repackage [] allegations under the banner of additional claims[]" to avoid the application of the anti-fracturing rule.); *Border Demolition & Env't, Inc. v. Pineda*, 535 S.W.3d 140, 159 (Tex. App.—El Paso 2017, no pet.) (claims for professional malpractice and breach of fiduciary duty were impermissibly fractured because alleged breaches were part of defendant's professional duties toward plaintiff).

---

[6] We further note that to the extent Caldarera is alleging that the Defendants defamed him by what they stated or argued in the Rule 91a Motions or in pleadings filed in the judicial proceeding, the judicial proceedings privilege may also bar his tort claims against his former attorneys. *See Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46-47 (Tex. 2021) ("The judicial-proceedings privilege is an absolute privilege that covers 'any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case.'[citation omitted]."). That said, there may be limits to the application of the judicial-proceedings privilege which the Texas Supreme Court further explained in *Landry*. *See Id.* at 50-51.

As for Caldarera's arguments that specific constitutional exceptions apply, Caldarera did not raise those arguments in the trial court, and he has therefore waived those arguments on appeal. *See* Tex. R. App. P. 33.1(a)(1) (to preserve a complaint for appellate review, the complaining party must present the complaint to the trial court by timely request, objection, or motion); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002) (party failed to raise constitutional argument that trial court's ruling violated open-courts provision and thus did not preserve it for appeal); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (party waived due-process and equal-protection challenges by failing to raise them in trial court); *Birdo v. Ament*, 814 S.W.2d 808, 811 (Tex. App.—Waco 1991, writ denied) (pro se appellant waived constitutional complaints to dismissal of his lawsuit by not raising the constitutional challenges in the trial court).

We also reject Caldarera's argument that applying *Peeler* here is against the public policy *Peeler* is intended to promulgate and would subvert that public policy. The Texas Supreme Court explained in *Peeler* that "plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise[,]" and the Court noted that "the public policy principle at issue [is] that convicts may not shift

the consequences of their crime to a third party." *See Peeler*, 909 S.W.2d at 497-98. Applying *Peeler* under these circumstances does not subvert this public policy.

Accordingly, we conclude the trial court did not err in granting Appellees' Rule 91a Motions to Dismiss. *See* Tex. R. Civ. P. 91a.1. *Stallworth v. Ayers*, 510 S.W.3d 187, 194 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (affirming dismissal under Rule 91a of *Peeler*-barred claims); *see also McNamara v. Broden & Mickelsen LLP*, No. 05-25-00874-CV, 2026 Tex. App. LEXIS 3196, at **9-12 (Tex. App.—Dallas Apr. 6, 2026, no pet.) (mem. op.) (same).

We overrule Appellant's issues and affirm the trial court's orders.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on March 24, 2026
Opinion Delivered June 25, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.